■ GOTTFRIED BAKING COMPANY, INC., et al., Plaintiffs, v. AMERICAN BONDING COMPANY OF BALTIMORE, Respondent, and FRED MILLER et al., Appellants.— Judgment and order unanimously affirmed, with costs to the respondent. No opinion. Concur — Botein, P. J., Breitel, Rabin, Frank and Stevens, JJ.

■ GOTTFRIED BAKING COMPANY, INC., et al., Appellants, v. AMERICAN BONDING COMPANY OF BALTIMORE, Respondent, et al., Defendants.— Judgment and order unanimously affirmed, with costs to the respondent. No opinion. Concur — Botein, P. J., Breitel, Rabin, Frank and Stevens, JJ.

■ EDWARD LIVINGSTON, an Infant, by JULES E. LIVINGSTON, His Guardian ad Litem, et al., Respondents, et al., Plaintiffs, v. JOHN ZIMMERMAN et al., Appellants, et al., Defendants.— This is an appeal from an order directing the defendants to comply with a prior order providing for the distribution of the proceeds of a judgment in a negligence action. The plaintiff initially obtained an ex parte order directing the turnover of the funds available in partial satisfaction of a judgment theretofore rendered. The defendants' insurance carrier refused to comply with the ex parte order, upon the ground that notices of lien and assignments were filed by a hospital for medical treatment rendered. The plaintiff, asserting that no hospital lien attached, then moved upon notice for an order directing defendants to pay over the sum involved and served the hospital which claimed the lien. Subdivisions 6-a and 10 of section 189 of the Lien Law provide two methods by which parties may determine the validity and the amount of a hospital lien. (See *Irizarry* v. *Pinto*, 284 App. Div. 944.) The procedure specified in the statute was not followed here. Under the circumstances the order is unanimously reversed on the law and in the exercise of discretion and the motion denied, without costs, and without prejudice to a proceeding pursuant to the Lien Law (§ 189) or any other appropriate proceeding. Concur — Breitel, J. P., Rabin, Frank, McNally and Stevens, JJ.